IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS BELLAGIO PARTNERS, LLC, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:09-CV-2369-K |
| CITY OF DALLAS, TEXAS, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Parties' competing briefs as to whether this case should be dismissed on res judicata and abstention doctrine grounds. The claims of Plaintiffs Reginald Villavidendio, Antonio Flores, Sok Un Ng, Dallas Bellagio Partners LLC, Phaiboon Promniang, Soon D. Yoon, and Hai C. Vu are **DISMISSED with prejudice** because those claims are barred by res judicata, and the claims of Plaintiffs Sangwan Anusan and Larry Keller are **DISMISSED without prejudice** because the Court abstains under the *Younger* doctrine.

I.   **Factual and Procedural Background**

The City of Dallas ("Defendant" or "City") revoked the certificates of occupancy of numerous businesses believed to be operating as massage establishments without a proper massage establishment licence as required by Texas Occupations Code Section

455.151 and Dallas City Code Section 25A-2.  Those businesses are: (1) The Passion operated by Reginald Villavidendio; (2) Jasmine operated by Antonio Flores; (3) 333 Bodyworks operated by Sok Un Ng; (4) Dallas Bellagio Partners LLC ("Dallas Bellagio Partners"); (5) Moon Night operated by Phaiboon Promniang; (6) Hawaii Spa operated by Soon D. Yoon; (7) Blue Star operated by Hai C. Vu; (8) Aloha Spa and Cleopatra Day Spa operated by Sangwan Anusan; and (9) 7th Heaven operated by Larry Keller (collectively "Plaintiffs").

After revocation of their certificates of occupancy by the City's building official, the business operators took various approaches to the appeals process.  Flores, Villavidendio, and Ng did not appeal to the City's Board of Adjustment ("Board").  Ng, however, was sued by the City in Texas state court for injunctive relief for continuing to operate as a massage establishment without a proper licence. Dallas Bellagio Partners, Promniang, Yoon, and Vu timely appealed to the Board of Adjustment but did not appeal to state district court for a substantial evidence review of the Board's decision affirming the building official's decisions.  Anusan and Keller appealed to the Board and then to the state district court.  Anusan appealed the Board's decision after the City filed lawsuits seeking injunctive relief against the real property owner where Anusan's businesses are located.

On December 11, 2009, Plaintiffs filed suit in this Court to obtain a declaratory judgment that Dallas City Code Chapter 25A is unconstitutional under both the United States and Texas Constitutions and to permanently enjoin the City from enforcing the regulation. In response, the City asserted that Plaintiffs' claims are barred by res judicata or subject to abstention under the *Younger* doctrine. Accordingly, the Court ordered both Parties to brief whether this lawsuit should be dismissed on res judicata or *Younger* abstention doctrine grounds.

## II.  Legal Standard

The City's arguments for dismissal are reviewed under the standards for a 12(b)(6) dismissal. In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309–10 (5th Cir. 1986). Federal courts are permitted, however, to "refer to matters of public record when deciding a 12(b)(6) motion to dismiss." *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The court must assume the truth of all pleaded facts and liberally construe the complaint in favor of the plaintiff. *Oliver v. Scott*, 276 F.3d 736,

740 (5th Cir. 2002). To survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must instead plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Although Fed. R. Civ. P. 12(b)(6) dismissal is ordinarily determined by whether the facts alleged in the complaint give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Res judicata is an affirmative defense under Texas law. *Joachim v. Travelers Ins. Co.*, 279 S.W.3d 812, 815 (Tex. App.—Amarillo 2008, pet. granted); *see also Hawk v. Williams*, 2003 U.S. Dist. LEXIS 20386, at *7, *11–*17 (N.D. Tex. Nov. 13, 2003) (Fitzwater, J.) (applying Texas law).

III.   Analysis

Under Texas law, the governing body of a municipality is authorized to regulate the use of buildings for business, industrial, residential, or other purposes. Tex. Loc. Gov't Code § 211.003(a)(5). The Dallas City Code prohibits the use or occupancy of

a structure without a certificate of occupancy. Dallas, Tex., Code §§ 51A-1.104, 52-306.1. A person commits an offense if he uses a structure in violation of any provision of Chapter 52 of the Dallas City Code, including Section 52-306.1, which addresses certificates of occupancy. *Id.* § 52-210.1. A person who violates Chapter 52 is guilty of a separate offense for each day or portion of a day during which the violation occurred, and each offense is punishable by a fine not to exceed $2,000. *Id.* §§ 51A-1.103, 52-210.3. In addition to imposing the criminal penalty, the City may bring a civil action against a person violating a provision of Chapter 52 to recover a civil penalty. *Id.* § 52-210.4; Tex. Loc. Gov't Code § 211.012(b).

Texas law allows the governing body of a municipality to provide for the appointment of a Board of Adjustment. Tex. Loc. Gov't Code § 211.008(a). The City has a Board of Adjustment. Dallas, Tex., Code § 51A-3.102. The Board of Adjustment may hear and decide an appeal from a decision made by an administrative official in the enforcement of Subchapter A ("General Zoning Regulations") of Texas Local Government Code Chapter 211 or an ordinance adopted under that Subchapter. Tex. Loc. Gov't Code § 211.009(a)(1).

The City's building official is required to revoke a certificate of occupancy if the building official determines that the certificate of occupancy is issued on the basis of false, incomplete, or incorrect information, the use is being operated in violation of the

Dallas Development Code, other city ordinances, or any state laws or regulations, or a required license to operate the use has not been issued. Dallas, Tex., Code 52-306.13(2)-(3), (5). A person aggrieved by the building official's decision may appeal to the Board of Adjustment. Tex. Loc. Gov't Code § 211.010(a)(1). The appeal must be filed within a reasonable time as determined by the rules of the Board. *Id.* § 211.010(b). A determination by the building official is final unless appealed within 15 days after receipt of the determination. Dallas, Tex., Code §§ 51A-4.703(a)(2), 52-306.15(2). An appeal stays all proceedings in furtherance of the action that is appealed unless the official certifies in writing to the Board facts supporting the official's opinion that a stay would cause imminent peril to life or property. Tex. Loc. Gov't Code § 211.010(c).

A person aggrieved by the decision of the Board of Adjustment may present to a district court, county court, or county court at law a verified petition stating that the decision of the Board is illegal in whole or in part and specifying the grounds of the illegality. *Id.* § 211.011(a)(1). The petition must be presented within 10 days after the date the decision is filed in the Board's office. *Id.* § 211.011(b). On presentation of the petition, the court may grant a writ of certiorari directed to the Board to review the Board's decision. *Id.* § 211.011(c). On application and after notice to the Board, the court may grant an order restraining enforcement of the Board's order if due cause is

shown. *Id.* At the hearing, the court may take evidence or appoint a referee to take evidence that is determined to be necessary for the proper disposition of the matter. *Id.* § 211.011(e). The court applies a substantial evidence standard of review, and the ultimate question is whether the Board abused its discretion. *E.g., City of Lubbock v. Bownds*, 623 S.W.2d 752, 755–56 (Tex. App.—Amarillo 1981, no pet.) (citing *Currey v. Kimple*, 577 S.W.2d 508, 512 (Tex. Civ. App.—Texarkana 1978, writ ref'd n.r.e.)), *disapproved of on other grounds*, *Davis v. Zoning Bd. of Adjustment*, 865 S.W.2d 941, 942 (Tex. 1993).

### A. Res Judicata

Plaintiffs Ng, Villavidendio, and Flores did not appeal the building official's decision to the City's Board of Adjustment. Plaintiffs Dallas Bellagio Partners, Promniang, Yoon, and Vu appealed to the City's Board; however, failed to appeal the Board's decision affirming the building official's decision to the district court before the deadline to appeal to the district court expired. Therefore, those Plaintiffs' claims are barred by res judicata.

Res judicata, or claim preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as, related matters that with the use of diligence, should have been litigated in the prior suit. *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Savs.*, 837 S.W.2d 627, 628–29 (Tex. 1992); *Britton v. Seale*, 81 F.3d

602, 606 (5th Cir. 1996). The elements of res judicata under Texas law are: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008)

Plaintiffs argue failing to appeal the building official's decision or appeal the Board's determination does not constitute a final judgment for res judicata purposes. But, Texas courts would give the building official and the Board's fact-findings preclusive effect because the building official and the Board act in a judicial capacity and afford parties a full and fair opportunity to litigate. *See Igal*, 250 S.W.3d at 86–87 (citing *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966)); *Rhoades v. Casey*, 196 F.3d 592, 602 (5th Cir. 1999). The Supreme Court stated that preclusion doctrines apply to the fact findings of state administrative tribunals acting in a judicial capacity. *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986); *see also Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107–08 (1991) (holding when a state or federal "administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.").

The basis for the present lawsuit is the revocation of Plaintiffs' certificates of occupancy. This is the same transaction addressed in the Board of Adjustment proceedings. Plaintiffs should have added their constitutional claims to the judicial review that was available in state court. Because Plaintiffs Ng, Villavidendio, Flores, Promniang, Yoon, Vu, and Dallas Bellagio Partners failed to pursue those claims and the decision of the building official and the Board of Adjustment became final, res judicata bars their claims in this Court.

### B. Abstention

The appeals by Plaintiffs Keller and Anusan are pending judicial review in Texas state court. In addition, although Plaintiff Ng did not appeal to the City's Board of Adjustment, the City has filed a lawsuit in state court against Ng seeking injunctive relief and civil penalties for continuing to operate as a massage establishment. As to those proceedings, this Court and the state court are exercising concurrent jurisdiction regarding the same subject matter, and the declaratory relief that Plaintiffs request in this case would directly interfere with the pending state proceedings.

Grounded in principles of comity and federalism, the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), holds that "federal intervention in ongoing state criminal proceedings is barred absent extraordinary circumstances." *Musslewhite v. State Bar of Tex.*, 32 F.3d 942, 947 (5th Cir. 1994) (citing *Younger*, 401

U.S. 37). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citations omitted). *Younger* abstention can be mandated in both "suits for injunctive relief" and "certain classes of declaratory judgments." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718 (1996). Abstention is appropriate where state proceedings (1) are pending at the time the federal action is filed, (2) implicate important state interests, and (3) provide an adequate opportunity to raise the federal claims. *See Middlesex County Ethics Comm.*, 457 U.S. at 432.

First, the state administrative and court cases were ongoing judicial proceedings at the time the federal action was filed. *Younger* abstention can be applied to "state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings, the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986). In this case, Plaintiffs will have a full and fair opportunity to litigate their constitutional claims upon state-court judicial review. The test for whether a state judicial proceeding is "ongoing" so as to invoke the *Younger* doctrine is not whether the state proceeding was commenced before the federal case was filed but rather whether the state proceeding was commenced "before any

proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). Because there have been no proceedings on the merits of this case, the administrative and judicial review proceedings are "ongoing."

Second, the City has an important interest in acting through its Board of Adjustment and the state courts to prevent violations of its certificate of occupancy requirement without interference by the federal courts. Plaintiffs allege abstention is inappropriate because the present suit does not seek to enjoin state proceedings in aid of the criminal law. But, Plaintiffs are incorrect because the City is a party to the concurrent state case and the state case is a proceeding both in aid of and closely related to a criminal statute because it is an action to prevent conduct that is an offense under the Dallas City Code. Also in the state proceedings, the City is acting to protect the same interest that underlies the penalties for a violation of the certificate of occupancy requirement and to obtain compliance with that requirement.

Third, Texas law provides Plaintiffs an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings. *See Moore v. Sims*, 442 U.S. 415, 425 (1979) (holding Texas law is as accommodating as the federal forum regarding constitutionality of statute.); Tex. R. Civ. P. 51(a); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977). Thus, Plaintiffs can adequately raise their federal claims in the state forum.

Because this case falls squarely within the principles of *Younger* and its progeny, abstention is appropriate.

## IV. Conclusion

For the foregoing reasons, the claims of Plaintiffs Reginald Villavidendio, Antonio Flores, Sok Un Ng, Dallas Bellagio Partners LLC, Phaiboon Promniang, Soon D. Yoon, and Hai C. Vu are **DISMISSED with prejudice** and the claims of Plaintiffs Sangwan Anusan and Larry Keller are **DISMISSED without prejudice**.

**SO ORDERED.**

Signed March 15th, 2010.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE